# Case Number: 19-08-24,935   Case Management                    10/22/2019

| | Event Date | Event Code | Event Comment | Image Name | Book | Page | Event Through Date | No.of Pages |
|---|---|---|---|---|---|---|---|---|
| ☐ | 10/2/2019 | RETURN OF S… | RETURN OF SERVICE- CRUM & FOSTER | 2019102151030897.CV | | | N/A | 3 |
| ☐ | 9/18/2019 | RETURN OF S… | RETURN OF SERVICE (UNITED STATES INSURANCE COMPANY) | 2019918101216056.CV | | | N/A | 3 |
| ☐ | 8/26/2019 | CIT ISS | CITATION ISSUED (UNITED STATES INSURANCE COMPANY) | 201982695240661.CV | | | N/A | 2 |
| ☐ | 8/26/2019 | CIT ISS | CITATION ISSUED (CRUM & FORSTER) | 201982695150348.CV | | | N/A | 2 |
| ☐ | 8/19/2019 | CIVIL PROCES… | CIVIL PROCESS REQUEST FORM | 2019819156250519.CV | | | N/A | 2 |
| ☐ | 8/19/2019 | ATTACHM | ATTACHMENT (PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMSSION… | 2019819156260509.CV | | | N/A | 19 |
| ☐ | 8/19/2019 | ORIG PET | PLAINTIFF'S ORIGINAL PETITION | 201981915624042.CV | | | N/A | 6 |

# EXHIBIT 2



Filed
8/19/2019 1:49 PM
Tabeth Gardner
DeWitt County
District Clerk
LV

CAUSE NO. 19-08-24,935

| | | |
|---|---|---|
| ERWIN RATH and, | § | IN THE DISTRICT COURT OF |
| RATH PROPANE GAS CO. INC. | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | DEWITT COUNTY, TEXAS |
| | § | |
| CRUM & FORSTER INSURANCE | § | |
| COMPANY and UNITED STATES FIRE | § | |
| INSURANCE COMPANY | § | 135TH    JUDICIAL DISTRICT |
| | § | |
| Defendants. | | |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Erwin Rath and Rath Propane Gas Co. Inc. ("Plaintiffs"), Plaintiffs herein, file this Original Petition against Defendant Crum & Forster Insurance Company ("Crum & Forster") and United States Fire Insurance Company ("USFIC") (collectively "Defendants"), in support of his causes of action, would respectfully show the Court the following:

### I.
### THE PARTIES

1.    Plaintiffs are Texas residents who reside in DeWitt County, Texas.

2.    Crum & Forster is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process, or through its general manager or any other officer or director, via certified mail at 6404 International Parkway, Suite 1000, Plano, Texas 75093 or at 305 Madison Avenue, Morristown, NJ 08962.

3.    USFIC is an insurance company doing business in the State of Texas which may be served through its registered agent for service of process, or through its general manager or any other officer or director, via certified mail at 305 Madison Avenue, Morristown, NJ 08962.

II.

1    ·

DEFENDANT'S / RESPONDENT'S
COPY

## DISCOVERY

4.      This case is intended to be governed by Discovery Level 2.

### III.
### CLAIM FOR RELIEF

5.      The damages sought are within the jurisdictional limits of this court.

### IV.
### JURISDICTION AND VENUE

6.      This court has subject matter jurisdiction of this cause of action because it involves an amount in controversy in excess of the minimum jurisdictional limits of this Court. No diversity of citizenship exists in this matter.

7.      Venue is proper in Harris County because all or a substantial part of the events or omissions giving rise to the claim occurred in DeWitt County. TEX. CIV. PRAC & REM CODE § 15.002(a)(1). In particular, the loss at issue occurred in DeWitt County.

### V.
### FACTUAL BACKGROUND

8.      Plaintiffs are named insureds under a property insurance policy issued by Defendants.

9.      On or about August 22-29, 2017 Hurricane Harvey hit the Texas coast, inclduing the Houston, Texas area, damaging Plaintiffs' house and other property located at or near 202 South Esplanade Street, Cuero, Texas.  Plaintiffs subsequently filed a claim on the insurance policy.

10.      Defendants improperly denied and/or underpaid the claim.

11.     The adjuster assigned to the claim conducted a substandard investigation and inspection of the property, prepared a report that failed to include all of the damages that were observed during the inspection, and undervalued the damages observed during the inspection.

12.     This unreasonable investigation led to the underpayment of Plaintiffs' claim.

13.     Moreover, Defendants performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property.

## VI.
## CAUSES OF ACTION

14.     Each of the foregoing paragraphs is incorporated by reference in the following:

**A.     Breach of Contract**

15.     Defendants had a contract of insurance with Plaintiff. Defendants breached the terms of that contract by wrongfully denying and/or underpaying the claim and Plaintiff was damaged thereby.

**B.     Prompt Payment of Claims Statute**

16.     The failure of Defendants to pay for the losses and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

17.     Plaintiff, therefore, in addition to Plaintiff's claim for damages, is entitled to interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

**C.     Bad Faith**

18.     Defendants are required to comply with Chapter 541 of the Texas Insurance Code.

19.     Defendants violated Section 541.051 of the Texas Insurance Code by:

(1)     making statements misrepresenting the terms and/or benefits of the policy.

20.     Defendants violated Section 541.060 by:

    (1)     misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

    (2)     failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

    (3)     failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim or offer of a compromise settlement of a claim;

    (4)     failing within a reasonable time to affirm or deny coverage of a claim to Plaintiff or submit a reservation of rights to Plaintiffs; and

    (5)     refusing to pay the claim without conducting a reasonable investigation with respect to the claim;

21.     Defendants violated Section 541.061 by:

    (1)     making an untrue statement of material fact;

    (2)     failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made;

    (3)     making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

    (4)     making a material misstatement of law; and

    (5)     failing to disclose a matter required by law to be disclosed.

22.     Defendants knowingly committed the acts complained of. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to Texas Insurance Code Section 541.152(a)-(b).

**D.     Attorneys' Fees**

23.     Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendanst and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

24.     Plaintiffs are entitled to reasonable and necessary attorney's fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because they are represented by an attorney, presented the claim to Defendants, and Defendants did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

25.     Plaintiffs further prays that he be awarded all reasonable attorneys' fees incurred in prosecuting his causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

**VII.**
**CONDITIONS PRECEDENT**

26.     All conditions precedent to Plaintiffs' right to recover have been fully performed, or have been waived by Defendants.

**VIII.**
**DISCOVERY REQUESTS**

27.     Pursuant to Rule 194, you are requested to disclose, within fifty (50) days after service of this request, the information or material described in Rule 194.2(a)-(l).

28.     You are also requested to respond to the attached interrogatories, requests for production, and requests for admissions within fifty (50) days, in accordance with the instructions stated therein.

## IX.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that, upon final hearing of the case, he recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Plaintiffs be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Plaintiffs may show himself to be justly entitled.

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
State Bar No. 24060816
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
e-service@arnolditkin.com

***ATTORNEYS FOR PLAINTIFFS***

8/19/2019 1:49 PM
Tabeth Gardner
DeWitt County
District Clerk
LV

CAUSE NO. ___19-08-24,935___

| | | |
|---|---|---|
| ERWIN RATH and,<br>RATH PROPANE GAS CO. INC.<br>　　Plaintiff, | §<br>§<br>§<br>§ | IN THE DISTRICT COURT OF |
| vs. | §<br>§ | DEWITT COUNTY, TEXAS |
| CRUM & FORSTER INSURANCE<br>COMPANY and  UNITED STATES FIRE<br>INSURANCE COMPANY | §<br>§<br>§<br>§<br>§ | ___135TH___  JUDICIAL DISTRICT |
| 　　Defendants. | | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMSSION TO DEFENDANT

To:　Defendant, Crum & Forster Insurance Company, may be served with process through its general manager, or any other officer or director at 6404 International Parkway, Suite 1000, Plano, Texas 75093.

Defendant, United States Fire Insurance Company, may be served with process through its general manager, or any other officer or director at 305 Madison Avenue, Morristown, NJ 08962.

COMES NOW Plaintiffs in the above-styled and numbered cause, and serves the attached Interrogatories, Requests for Production, and Requests for Admission on ("Defendants"). Plaintiffs request that Defendants (1) answer the following Interrogatories separately and fully in writing under oath within 30 days of service; (2) answer the Requests for Production separately and fully in writing under oath within 30 days of service; (3) answer the Requests for Admission separately and fully in writing under oath within 30 days of service; (4) serve your answers to these Interrogatories, Requests for Production, and Requests for Admissions on Plaintiffs by and through his attorneys of record, Arnold & Itkin, LLP, ARNOLD & ITKIN LLP, 6009 Memorial Drive, Houston, Texas 77007; and (5) produce all documents responsive to the Requests for Production

as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within 30 days of service.

You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

a.      You know the responses made was incorrect or incomplete when made; or

b.      You know the response, though correct and complete when made, is no longer true and complete, and the circumstances are such that a failure to amend the answer in substance is misleading.

## <u>INSTRUCTIONS</u>

A.   These Responses call for your personal and present knowledge, as well as the present knowledge of your attorneys, investigators and other agents, and for information available to you and to them.

B.   Pursuant to the applicable rules of civil procedure, produce all documents responsive to these Requests for Production as they are kept in the usual course of business or organized and labeled to correspond to the categories in the requests within the time period set forth above at Arnold & Itkin, LLP.

C.   If you claim that any document or information which is required to be identified or produced by you in any response is privileged, produce a privilege log according to the applicable rules of civil procedure.

   1.   Identify the document's title and general subject matter;
   2.   State its date;
   3.   Identify all persons who participated in its preparation;
   4.   Identify the persons for whom it was prepared or to whom it was sent;
   5.   State the nature of the privilege claimed; and
   6.   State in detail each and every fact upon which you base your claim for privilege.

D.   If you claim that any part or portion of a document contains privileged information, redact only the part(s) or portion(s) of the document you claim to be privileged.

E.   If you cannot answer a particular Interrogatory in full after exercising due diligence to secure the information to do so, please state so and answer to the extent possible, specifying and explaining your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

F.   You are also advised that you are under a duty to seasonably amend your responses if you obtain information on the basis of which:

   1.   You know the response made was incorrect or incomplete when made; or
   2.   You know the response, though correct and complete when made, is no longer true and complete, and the circumstances

## DEFINITIONS

A.      **"TFPA", "Defendant," "You," "Your(s),"** refers to **Crum & Forster Insurance Company and United State Fire Insurance Company**, its agents, representatives, employees and any other entity or person acting on its behalf.

B.      **"Plaintiff"** refers to the named Plaintiff in the above-captioned suit.

C.      **"The Property(ies)"** refers to the property or properties located at the address covered by the Policy.

D.      **"The Policy"** refers to the policy issued to Plaintiff by the insurer and at issue in this lawsuit.

E.      **"The Claim(s)"** means the claim for insurance benefits submitted by Plaintiff and at issue in this lawsuit, or in a prior claim, as the context may dictate.

F.      **"Date of Loss"** refers to the date(s) of loss identified in Plaintiff's live petition/complaint or other written or oral notice, or otherwise assigned to the claim by the insurer.

G.      **"Handle"** or **"Handled"** means investigating, adjusting, supervising, estimating, managing, settling, approving, supplying information or otherwise performing a task or work with respect to the claim(s) at issue in this lawsuit, excluding purely ministerial or clerical tasks.

H.      **"Lawsuit"** refers to the above styled and captioned case.

I.      **"Communication"** or **"communications"** shall mean and refer to the transmission or exchange of information, either orally or in writing, and includes without limitation any conversation, letter, handwritten notes, memorandum, inter or intra-office correspondence, electronic mail, text messages, or any other electronic transmission, telephone call, telegraph, telex telecopy, facsimile, cable, conference, tape recording, video recording, digital recording, discussion, or face-to-face communication.

J.      The term **"Document"** shall mean all tangible things and data, however stored, as set forth in the applicable rules of civil procedure, including, but not limited to all original writings of any nature whatsoever, all prior drafts, all identical copies, all non-identical copies, correspondence, notes, letters, memoranda of. telephone conversations, telephone messages or call slips, interoffice memoranda, intra-office memoranda, client conference reports, files, agreements, contracts, evaluations, analyses, records, photographs sketches, slides, tape recordings, microfiche, communications, printouts, reports, invoices, receipts, vouchers, profit and loss statements, accounting ledgers, loan documents, liens, books of accounting, books of operation, bank statements, cancelled checks, leases, bills of sale, maps, prints, insurance policies, appraisals, listing agreements, real estate closing documents, studies, summaries, minutes, notes,

agendas, bulletins, schedules, diaries, calendars, logs, announcements, instructions, charts, manuals, brochures, schedules, price lists, telegrams, teletypes, photographic matter, sound reproductions, however recorded, whether still on tape or transcribed to writing, computer tapes, diskettes, disks, all other methods or means of storing data, and any other documents. In all cases where originals, prior drafts, identical copies, or non-identical copies are not available; "document" also means genuine, true and correct photo or other copies of originals, prior drafts, identical copies, or non-identical copies. "Document" also refers to any other material, including without limitation, any tape, computer program or electronic data storage facility in or on which any data or information has been written or printed or has been temporarily or permanently recorded by mechanical, photographic, magnetic, electronic or other means, and including any materials in or on which data or information has been recorded in a manner which renders in unintelligible without machine processing.

K.      The term **"referring"** or **"relating"** shall mean showing, disclosing, averting to, comprising, evidencing, constituting or reviewing.

L.      The singular and masculine form of any noun or pronoun includes the plural, the feminine, and the neuter.

M.      The terms **"identification,"** **"identify,"** and **"identity"** when used in reference to:

1.  **Natural Persons**: Means to state his or her full name, residential address, present or last known business address and telephone number, and present or last known position and business affiliation with you;
2.  **Corporate Entities**: Means to state its full name and any other names under which it does business, its form or organization, its state of incorporation, its present or last known address, and the identity of the officers or other persons who own, operate, or control the entity;
3.  **Documents:** Means you must state the number of pages and nature of the document (e.g. letter or memorandum), its title, its date, the name or names of its authors and recipients, its present location and custodian, and if any such document was, but no longer is, in your possession or control, state what disposition was made of it, the date thereof, and the persons responsible for making the decision as to such disposition;
4.  **Communication:** Requires you, if any part of the communication was written, to identify the document or documents which refer to or evidence the communication and, to the extent that the communication was non-written, to identify each person participating in the communication and to state the date, manner, place, and substance of the communication; and
5.  **Activity:** Requires you to provide a description of each action, occurrence, transaction or conduct, the date it occurred, the location at which it occurred, and the identity of all persons involved.

N.      The term **"Claim File"** means the claim files and "field file(s)," whether kept in paper or electronic format, including but not limited to all documents, file jackets, file notes, claims diary or journal entries, log notes, handwritten notes, records of oral

communications, communications, correspondence, photographs, diagrams, estimates, reports, recommendations, invoices, memoranda and drafts of documents regarding the Claim.

O.     The term **"Underwriting File"** means the entire file, including all documents and information used for underwriting purposes even if you did not rely on such documents or information in order to make a decision regarding insuring Plaintiff's Property.

## INTERROGATORIES TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

**INTERROGATORY NO. 1:**

Identify all persons answering or supplying any information in answering these interrogatories.

**ANSWER:**

**INTERROGATORY NO. 2:**

Identify all persons who were involved in evaluating Plaintiff's claim and provide the following information for each person you identify:

      a.     their name and job title(s) as of the Date of Loss;

      b.     their employer; and

      c.     description of their involvement with Plaintiff's Claim.

**ANSWER:**

**INTERROGATORY NO. 3:**

If you contend that the some or all of the damages to the Property were not covered losses under the Policy, describe:

      a.     the scope, cause and origin of the damages you contend are not covered losses under the Policy; and

      b.     the term(s) or exclusion(s) of the Policy you relied upon in support of your decision regarding the Claim.

**ANSWER:**

**INTERROGATORY NO. 4:**

State whether the initial estimate you issued was revised or reconciled, and if so, state what was changed and who did it.

**ANSWER:**

**INTERROGATORY NO. 5:**

If you contend that Plaintiff did not provide you with requested information that was required to properly evaluate Plaintiff's Claim, identify the information that was requested and not provided, and the dates you made those request(s).

**ANSWER:**

**INTERROGATORY NO. 6:**

If you contend that Plaintiff's acts or omissions voided, nullified, waived or breached the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 7:**
If you contend that Plaintiff failed to satisfy a condition precedent or covenant of the Policy in any way, state the factual basis for your contention(s).

**ANSWER:**

**INTERROGATORY NO. 8:**
Identify the date you first anticipated litigation.

**ANSWER:**

**INTERROGATORY NO. 9:**
State the factual basis for each of your affirmative defenses.

**ANSWER:**

**INTERROGATORY NO. 10:**
If you contend that Plaintiff failed to provide proper notice of the claim made the basis of this lawsuit, describe how the notice was deficient, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 11:**
If you contend that Plaintiff failed to mitigate damages, describe how Plaintiff failed to do so, and identify any resulting prejudice.

**ANSWER:**

**INTERROGATORY NO. 12:**
Identify all items on the claim made the basis of this Lawsuit to which Defendant applied depreciation, stating for each item the criteria used and the age of the item.

**ANSWER:**

## REQUESTS FOR PRODUCTION TO DEFENDANT ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### REQUEST FOR PRODUCTION NO. 1
Produce a certified copy of all Policies you issued to Plaintiff for the Property that were in effect on the Date of Loss.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 2
Produce your complete Underwriting File for Plaintiff's policy of insurance with you.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 3
Produce the complete Claim File including all documents, notes, comments, and communications regarding the Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 4
Produce all documents Plaintiff (or any other person) provided to you related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 5
Produce all documents you provided to Plaintiff (or any other person) related to the Claim or the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 6
Produce all documents (including reports, surveys, appraisals, damage estimates, proof of loss, or adjuster's report(s)) referring to the Claim, the Property or damage to the Property.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 7
Produce all communications between any of your claims personnel, claims handlers, field adjusters, office adjusters, and their direct or indirect supervisors related to the investigation, handling, and settlement of Plaintiff's Claim.

### RESPONSE:

### REQUEST FOR PRODUCTION NO. 8

Produce all written communications you sent to, or received from, any independent adjusters, engineers, contractors, estimators, consultants or other third-parties who participated in investigating, handling, consulting on, and/or adjusting Plaintiff's Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9**
Produce all written and/or electronic communications you sent to, or received, from Plaintiff and/or any other named insured on the Policy related to the Claim, the Property, or this Lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10**
Produce the personnel file for anyone you (or an adjusting firm) assigned to participate in evaluating damage to Plaintiff's Property, including performance reviews/evaluations. This request is limited to the three (3) years prior to the Date of Loss and one (1) year after the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11**
Produce your claim handling manual(s) (including operating guidelines) in effect on the Date of Loss related to your claims practices, procedures and standards for property losses and/or wind and hail storm claims, for persons handling claims on your behalf.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12**
Produce your property claims training manual and materials in effect on the Date of Loss, for persons handling, investigating and adjusting claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13**
Produce all bulletins, notices, directives, memoranda, internal newsletters, publications, letters and alerts directed to all persons acting on your behalf that were issued from six (6) months before and after the Date of Loss related to the handling of wind or hail storm claims in connection with the storm at issue.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14**
Produce the contract(s), agreement(s) and/or written understanding(s) with any independent adjusters or adjusting firms who you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect on the Date of Loss.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15**
Produce the contract(s), agreement(s) and/or written understanding(s) with any engineers and/or engineering firms you retained to investigate, handle and/or adjust Plaintiff's Claim on your behalf that were in effect at the time of his/her investigation, handling and/or adjustment of Plaintiff's claim, either pre or post-lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16**
Produce the "Pay sheet," "Payment Log," or list of payments made on Plaintiff's Claim, including all indemnity, claim expenses and payments made to third-parties.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17**
Produce all estimates, reports or memoranda, including drafts of the same, created for you or by any independent adjusters or adjusting firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18**
Produce all estimates, reports, or memoranda, including drafts of the same, created for you by any engineers and/or engineering firms in connection with the Claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19**
Produce all statements given by anyone, oral or written, to you or any of your agents, related to Plaintiff's Claim and/or any issue in Plaintiff's live petition

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20**
Produce all documents you identified, referred to, or relied upon in answering Plaintiff's interrogatories.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21**
Please produce the Claims Core Process Review in effect during the handling of the claim made the basis of this lawsuit.

**RESPONSE**

**REQUEST FOR PRODUCTION NO. 22**
Please produce all versions of the Claims Core Process Review in effect for the three years preceding the handling of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23**
For any changes made in the last three years to your Claims Core Process Review, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24**
Any requests for information by the Texas Department of Insurance to Defendant and any response to such request by Defendant to the Texas Department of Insurance regarding claims arising out of Hurricane Harvey storm.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25**
All documents sent to, or received by Defendant from the Texas Department of Insurance, the Texas Insurance Commissioner and/or their agents, relating to the handling of hail and/or windstorm claims within the last three (3) years.  This request includes all bulletins received by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26**
All advertisements, marketing or promotional items that addressed the handling of hail and/or windstorm claims, published, used and/or distributed by Defendant in Fort Bend County within the last three (3) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27**
Your written procedures or policies that pertain to the handling of windstorm and/or hail claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28**
For any changes made in the last three years to your written procedures or policies pertaining to the handling of windstorm and/or hail claims in Texas, please produce all documents, supporting information, research, studies and communications regarding such changes.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29**
Any document setting forth Defendant's criteria and methodology used in determining whether and how to apply depreciation on hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30**
Any document setting forth Defendant's criteria and methodology used in determining whether to replace the drip edge on a roof when Defendant has estimated a roof replacement on a hail and/or windstorm claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31**
Any document setting forth Defendant's criteria and methodology used in determining the applicability of overhead and profit in the preparation of estimates for hail and/or windstorm claims in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32**
All service agreements in effect at the time of Plaintiff's claim between Defendant and any person(s) or entity(ies) who handled the claim made the basis of the lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33**
Any document setting forth how Defendant compensated the adjuster and other individuals who handled Plaintiffs' claim made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34**
Any document related to performance-based pay or incentive-based pay programs that Defendant offers to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35**
Any document related to standards by which Defendant evaluates the performance of adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36**
All documents reflecting the pre-anticipation of litigation reserve(s) set on the claim made the basis of this Lawsuit, including any changes to the reserve(s) along with any supporting documentation.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37**
Any document related to how Defendant issues pay raises and bonuses to adjusters, claim representatives, supervisors and managers involved in the handling of hail/and or windstorm claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38**
Any document referencing "customer-payment goals" sent by Defendant to claims office managers regarding hail and/or windstorm claims in Texas during the time period of August 1, 2016 through February 20, 2018.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39**
Any document setting forth Defendant's criteria and methodology used to determine when it is appropriate to invoke appraisal on a hail/windstorm claim in Texas.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40**
Any document setting forth Defendant's criteria and methodology used to determine what items contained within an appraisal estimate and/or appraisal award should be covered and paid for by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41**
Any and all communications between Defendant and any third party during the claims handling process of the claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42**
Produce all documents evidencing any incentives, financial or otherwise, provided to adjusters responsible for handling claims related to this loss, and this storm event.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43**
Produce all communications between any Allstate representative and any adjuster handling a claim pertaining to this storm event, related to the company's loss ratio.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44**
Please produce all documents related to Allstate's Claims Core Process Review, including any such training material provided to adjusters.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45**
Please produce all Performance Development Summaries and any other related personnel file pertaining to any adjuster that handled the claim at issue here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46**
Please produce all documents related to how adjusters and other related claims handlers are promoted within Allstate.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47**
Please produce all records related to any data stored or generated by Colossus pertaining to this storm event and claim.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48**
Please produce all records and documents about the identification, observation or description of collateral damage in connection with the property at issue in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49**
To the extent that you claim a privilege over any documents, please provide a privilege log in accordance with the Texas Rules of Civil Procedure.

**RESPONSE:**

## REQUEST FOR ADMISSIONS TO ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY

### REQUEST FOR ADMISSION NO. 1:
Admit that on Date of Loss, the Property sustained damages caused by a windstorm.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:
Admit that on Date of Loss, the Property sustained damages caused by a hailstorm

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:
Admit that as of the Date of Loss, the Policy was in full force and effect.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:
Admit that as of the Date of Loss, all premiums were fully satisfied under the Policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:
Admit that the Policy is a replacement cost value policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 6:
Admit that the Policy is an actual cash value policy.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 7:
Admit that aside from the Claim at issue, Plaintiff has never previously submitted a claim to you for damage to the Property.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 8:**

Admit that you did not request a Sworn Proof of Loss from Plaintiff in connection with the Claim at issue.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 9:**

Admit that you did not request a Sworn Proof of Loss from any other named insured on the Policy in connection with the Claim at issue.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 10:**

Admit that Plaintiff timely submitted the Claim.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 11:**

Admit that your decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that third parties were responsible for causing damages to the Property.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 12:**

Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the basis that the claimed damages are not covered by the Policy.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 13:**

Admit that Defendant's decision to deny or partially deny Plaintiff's Claim was made in whole or in part on the timeliness of the Claim's submission.

**RESPONSE:**


**REQUEST FOR ADMISSION NO. 14:**

Admit that you depreciated the costs of labor when determining the actual cash value of the Claim at issue.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**
Admit that the adjuster assigned to investigate the Claim did not review the underwriting file at any time during the adjustment of the Claim.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 16:**
Admit that the Claim was reviewed by persons other than people who actually inspected the Property.

    **RESPONSE:**


**REQUEST FOR ADMISSION NO. 17:**
Admit that you reinsured the risk under Plaintiff's Policy.

    **RESPONSE:**

Respectfully submitted,

**ARNOLD & ITKIN LLP**

*/s/ Noah M. Wexler*
Noah M. Wexler
Texas State Bar No. 24060816
Roland Christensen
Texas State Bar No. 24101222
Jake Balser
Texas State Bar No. 24109155
Jacob Karam
Texas State Bar No. 24105653
Adam Lewis
Texas State Bar No. 24094099
6009 Memorial Drive
Houston, Texas 77007
Telephone: (713) 222-3800
Facsimile: (713) 222-3850
nwexler@arnolditkin.com
rchristensen@arnolditkin.com
jbalser@arnolditkin.com
jkaram@arnolditkin.com
alewis@arnolditkin.com
e-service@arnolditkin.com

*ATTORNEYS FOR PLAINTIFFS*

**PLEASE SERVICE WITH PLAINTIFF'S ORIGINAL PETITION**

EMAILED COPY

10/2/2019 2:31 PM
Tabeth Gardner
DeWitt County
District Clerk
LV

**CAUSE NO. 19-08-24,935**

| | | |
|---|---|---|
| ERWIN RATH, ET AL | § | |
| **PLAINTIFF** | § | |
| | § | |
| VS. | § | IN THE 135th District Court |
| | § | |
| CRUM & FORSTER INSURANCE COMPANY, | § | DEWITT COUNTY, TX |
| ET AL | § | |
| **DEFENDANT** | § | |
| | § | |
| | § | |
| | § | |

**RETURN OF SERVICE**

**ON Wednesday, October 2, 2019 AT 12:42 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFFS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT for service on CRUM & FORSTER C/O GENERAL MANAGER OR ANY OTHER OFFICER OR DIRECTOR came to hand.

**ON Wednesday, October 2, 2019 AT 2:20 PM, I, Don Anderson, PERSONALLY DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** CRUM & FORSTER C/O GENERAL MANAGER OR ANY OTHER OFFICER OR DIRECTOR, by delivering to Mike Hicks Asst. Vice Pres., 2400 LAKESIDE BLVD SUITES 200 & 720, RICHARDSON, DALLAS COUNTY, TX 75082.

My name is Don Anderson. My address is 1900 Brown, BALCH SPRINGS, TX 75180. I am a private process server certified by the Texas Judicial Branch Certification Commission (PSC 4232, expires 8/31/2020). My date of birth is 7/14/1956. I am in all ways competent to make this statement, and this statement is based on personal knowledge. I am not a party to this case and have no interest in its outcome. I declare under penalty of perjury that the foregoing is true and correct.

Executed in DALLAS COUNTY, TX on Wednesday, October 2, 2019 AT 2:20 PM.

/S/ Don Anderson

19-08-24,935

Doc ID: 266511_3

Citation for Personal Service

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, petition and requests a default judgment may be taken against you."

TO: **CRUM & FORSTER, Through Its General Manager or any other officer or director, 6404 International Parkway, Suite 1000, Plano, TX 75093,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Plaintiff's Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court **135th** Judicial District of DeWitt County, Texas, at the Courthouse of said County, 307 N. Gonzales Street, Cuero, Texas.

Said Plaintiff's Petition and Requests were filed in said court, by Mr. Noah M. Wexler, Attorney, whose address is 6009 Memorial Drive, Houston, Texas 77007, on this **19th** day of **August,** A.D., **2019,** in this case, numbered **19-08-24,935,** on the docket of said court, and styled,

**ERWIN RATH AND,
RATH PROPANE GAS CO. INC.
VS.
CRUM & FORSTER INSURANCE
COMPANY AND UNITED STATES FIRE
INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Cuero, Texas, this the **26th** day **August,** A.D., **2019.**

CLERK OF THE COURT
TABETH GARDNER
DeWitt County District Clerk
307 N. Gonzales Street
Cuero, Texas  77954

TABETH GARDNER
DeWitt County District Clerk

By _Chelsea M. Copeland_ Deputy

RETURN OF SERVICE

19-08-24,935

| | |
|---|---|
| **ERWIN RATH AND,** | **IN DISTRICT COURT** |
| **RATH PROPANE GAS CO. INC.** | **135TH JUDICIAL DISTRICT** |
| **VS.** | **OF DEWITT COUNTY, TEXAS** |
| **CRUM & FORSTER INSURANCE** | |
| **COMPANY AND UNITED STATES FIRE** | |
| **INSURANCE COMPANY** | |

Executed when copy is delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20___.

_____, Officer

_____, County, Texas

_____, Deputy

**ADDRESS FOR SERVICE**
**CRUM & FORSTER, Through its General Manager or any other officer or director, 6404 International Parkway, Suite 1000, Plano, TX 75093.**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____, o'clock ___.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, at the following times and places, to wit:

| Name | Date/Time | Place, Course & Distance from Courthouse |
|---|---|---|
| | | |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

And the cause or failure to execute this process is: _____

And the information received as to whereabouts of said defendant(s) being: _____

**FEES:**

Serving Petition and Copy        $_____

Total                                      $_____

_____, Officer

_____, County, Texas

_____, Deputy

_____ Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**

In accordant with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(ID # & Expiration of Certification)

Filed
9/18/2019 9:04 AM
Tabeth Gardner
DeWitt County
District Clerk
CK

EMAILED COPY

## CAUSE NO. 19-08-24,935

ERWIN RATH, ET AL      §
**PLAINTIFF**      §
     §
VS.      §
     §
CRUM & FORSTER INSURANCE COMPANY,      §
ET AL      §
**DEFENDANT**      §
     §
     §

IN THE 135th District Court

DEWITT COUNTY, TX

### RETURN OF SERVICE

**ON Thursday, September 12, 2019 AT 1:37 PM**
CITATION, PLAINTIFF'S ORIGINAL PETITION, PLAINTIFFS' FIRST SET OF INTERROGATORIES,
REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION TO DEFENDANT for service on
UNITED STATES FIRE INSURANCE COMPANY, GENERAL MANAGER OR ANY OTHER OFFICER OR
DIRECTOR came to hand.

**ON Tuesday, September 17, 2019 AT 3:25 PM, I, Glenn Burroughs, PERSONALLY
DELIVERED THE ABOVE-NAMED DOCUMENTS TO:** UNITED STATES FIRE INSURANCE COMPANY,
GENERAL MANAGER OR ANY OTHER OFFICER OR DIRECTOR, by delivering to Gail Stevancsecz Legal
Assistant, 305 MADISON AVE, MORRISTOWN, MORRIS COUNTY, NJ 07960.

My name is Glenn Burroughs. My address is 990 CEDARBRIDGE AVE # B7-209, BRICK, NJ 08723. My
date of birth is 1/14/1971. I am in all ways competent to make this statement, and this statement is
based on personal knowledge. I am not a party to this case and have no interest in its outcome. I
declare under penalty of perjury that the foregoing is true and correct.

Executed in MORRIS COUNTY, NJ on Tuesday, September 17, 2019 AT 3:25 PM.

/S/ Glenn Burroughs

19-08-24,935

Doc ID: 266511_2

**Citation for Personal Service**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation, petition and requests a default judgment may be taken against you."

**TO: UNITED STATES FIRE INSURANCE COMPANY, General Manager or any other officer or director, 305 Madison Avenue, Morristown, NJ 08962,** Defendant, Greeting:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Plaintiff's Original Petition at or before ten o'clock a.m. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable District Court **135th** Judicial District of DeWitt County, Texas, at the Courthouse of said County, 307 N. Gonzales Street, Cuero, Texas.

Said Plaintiff's Petition and Requests were filed in said court, by Mr. Noah M. Wexler, Attorney, whose address is 6009 Memorial Drive, Houston, Texas 77007, on this **19th** day of **August,** A.D., **2019,** in this case, numbered **19-08-24,935,** on the docket of said court, and styled,

**ERWIN RATH AND,**
**RATH PROPANE GAS CO. INC.**
**VS.**
**CRUM & FORSTER INSURANCE**
**COMPANY AND UNITED STATES FIRE**
**INSURANCE COMPANY**

The nature of Plaintiff's demand is fully shown by a true and correct copy of Plaintiff's Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Cuero, Texas, this the **26th** day **August,** A.D., **2019.**

CLERK OF THE COURT
TABETH GARDNER
DeWitt County District Clerk
307 N. Gonzales Street
Cuero, Texas  77954

TABETH GARDNER
DeWitt County District Clerk

By _Chelsea A. Goslam_ _____ Deputy

RETURN OF SERVICE

19-08-24,935

**ERWIN RATH AND,**
**RATH PROPANE GAS CO. INC.**
**VS.**
**CRUM & FORSTER INSURANCE**
**COMPANY AND UNITED STATES FIRE**
**INSURANCE COMPANY**

**IN DISTRICT COURT**
**135TH JUDICIAL DISTRICT**
**OF DEWITT COUNTY, TEXAS**

Executed when copy is delivered:
This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of
_____, 20___.

_____, Officer

_____, County, Texas

_____, Deputy

**ADDRESS FOR SERVICE**
**UNITED STATES FIRE INSURANCE COMPANY, General Manager or any other officer or director, 305 Madison Avenue,**
**Morristown, NJ 08962.**

OFFICER'S RETURN

Came to hand on the _____ day of _____, 20___, at _____, o'clock ____.m., and executed in
_____County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date
of delivery endorsed thereon, together with the accompanying copy of the Plaintiff's Original Petition, at the following times and places,
to wit:

| Name | Date/Time | Place, Course & Distance from Courthouse |
|------|-----------|------------------------------------------|
|      |           |                                          |

And not executed as to the defendant(s), _____
The diligence used in finding said defendant(s) being:_____
And the cause or failure to execute this process is:_____
And the information received as to whereabouts of said defendant(s) being:_____
**FEES:**
Serving Petition and Copy        $_____
Total                $_____

_____, Officer

_____, County, Texas

_____, Deputy

_____Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordant with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The
signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return
shall be signed under penalty of perjury and contain the following statement:
"My name is _____, my date of birth is _____, and my address is
_____.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____ County, State of _____, on the _____ day of __ _____

_____
Declarant/Authorized Process Server

_____
(ID # & Expiration of Certification)

Filed
10/22/2019 12:16 PM
Tabeth Gardner
DeWitt County
District Clerk
LV

CAUSE NO. 19-08-24,935

| | | |
|---|---|---|
| ERWIN RATH and | § | IN THE DISTRICT COURT OF |
| RATH PROPANE GAS CO. INC. | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | DEWITT COUNTY, TEXAS |
| | § | |
| CRUM & FORSTER INSURANCE | § | |
| COMPANY and UNITED STATES FIRE | § | |
| INSURANCE COMPANY | § | |
| Defendants. | § | 135th JUDICIAL DISTRICT |

## DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant United States Fire Insurance Company ("U.S. Fire" or "Defendant") files this Answer to Plaintiff's Original Petition, and would respectfully show the following:

## I.   GENERAL DENIAL

Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure and respectfully requests that Plaintiff be required to prove the charges and allegations made against it by a preponderance of the evidence as is required by the Constitution and laws of the State of Texas.

## II.   DISCOVERY PLAN: LEVEL TWO

Defendant asserts that Level Two discovery is appropriate in this case.

## III.   SPECIAL EXCEPTIONS

### FIRST SPECIAL EXCEPTION
### Breach of Contract

Defendant specifically excepts to Plaintiff's Petition because it only vaguely and generically alleges that it breached its contract of insurance. The vague and indefinite breach of contract claim fails to: (1) provide fair notice of the elements and facts of the loss allegedly sustained by Plaintiff; (2) provide fair notice of facts showing Plaintiff's alleged loss was

covered under the terms of the insurance contract at issue; or (3) provide fair notice of the acts and/or omissions by Defendant which allegedly could amount to a breach of its contractual obligations, if any, to Plaintiff.

## SECOND SPECIAL EXCEPTION
### Bad Faith Claims

Defendant specially excepts to Plaintiff's Petition because Plaintiff fails to plead all of the elements of its alleged cause of action for breach of the duty of good faith and fair dealing. As a result, Plaintiff should be required to file an amended pleading which sets forth the elements and facts and evidence in support of Plaintiff's claim for bad faith, as well as all related damages.

## THIRD SPECIAL EXCEPTION
### Chapter 541

Defendant specially excepts to Plaintiff's Petition because Plaintiff's Chapter 541 claims are deficient. The elements of a cause of action under Chapter 541 are:  (1) the plaintiff is a "person" as defined by Texas Insurance Code §541.002; (2) the Defendant's acts or practices violated a section of the Insurance Code, §17.46(b) of the Texas Business & Commerce Code, or violated a tie-in provision of the DTPA; and (3) Defendant's acts were a producing cause Plaintiff's damages.

Plaintiff generically alleges that Defendant violated subparts of §541 but fails to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §541 violations, as well as all related damages.

2

**FOURTH SPECIAL EXCEPTION**
**Chapter 542**

Defendant specially excepts to Plaintiff's Petition because Plaintiff's Chapter 542 claims are deficient.  Plaintiff generically alleges that Defendant violated subparts of §542 but fails to allege any specific facts on which such claims are based. As a result, Plaintiff should be required to file an amended pleading setting forth the elements, facts, and evidence in support of its claim for §542 violations, as well as all related damages.

## IV.   AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**
**Policy Terms and Conditions**

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to the applicable Policy limit and deductible. Defendant hereby incorporates the terms of its Policy by reference.

**SECOND AFFIRMATIVE DEFENSE**
**Failure to State a Claim**

Plaintiff's causes of action are barred, either in whole or in apart, because they fail to state a claim upon which relief can be granted.  Plaintiff fails to describe how Defendant's alleged breach of the insurance contract would convert Plaintiff's contractual claim into any other causes of action including, but not limited to, breach of the duty of good faith and fair dealing or a violation of the Texas Insurance Code.

**THIRD AFFIRMATIVE DEFENSE**
**Concurrent Causation**

Plaintiff's recovery is barred by the doctrine of concurrent causation because it cannot segregate between the damages caused by covered and non-covered perils.  *JAW The Pointe, LLC v. Lexington Ins. Co.*, 460 S.W.3d 597, 608 (Tex. 2015).

3

### FOURTH AFFIRMATIVE DEFENSE
### Liability Not "Reasonably Clear"

As to Plaintiff's extra-contractual claims alleging "bad faith", a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits from Defendant, and Defendant possesses the right to value claims differently from those asserting claims under the Policy without facing bad faith liability.

### FIFTH AFFIRMATIVE DEFENSE
### Absence of Coverage Precludes Extra-Contractual Liability

Plaintiff has not suffered any damages that are recoverable under any extra-contractual theory of liability.

### SIXTH AFFIRMATIVE DEFENSE
### Failure to Mitigate/ Contributory Negligence

Plaintiff is barred from any recovery, in whole or in part, due to its failure to mitigate the alleged damages and its own contribution to the alleged damages. Because of Plaintiff's failure to mitigate damages, it is precluded from recovering any damages that would have been prevented and/or mitigated.

### SEVENTH AFFIRMATIVE DEFENSE
### Waiver and Estoppel

Plaintiff has waived and/or is estopped from asserting the claims against Defendant in Plaintiff's Original Petition.

### EIGHTH AFFIRMATIVE DEFENSE
### Conditions Precedent

Plaintiff's claims are subject to the respective terms and conditions of the Policy, including but not limited to showing a covered loss.

4

### NINTH AFFIRMATIVE DEFENSE
### Limit of Liability

Plaintiff's damages, if any, are limited by the amount set forth in the policy limitations provisions of the applicable policy, a copy of which has been produced.

### TENTH AFFIRMATIVE DEFENSE
### Offset and/or Credit

Plaintiff's damages, if any, must be offset by the amount of applicable policy deductibles. Further, any award to Plaintiff must be offset by all prior payments tendered to Plaintiff for the claims forming the basis of its claims and by all payments and credits otherwise available.

### ELEVENTH AFFIRMATIVE DEFENSE
### Contractual and Statutory Limitations

Any recovery by Plaintiff is subject to the contractual limitations under the policy and/or the statutory limitations on liabilities and damages contained in Chapter 41 of the Texas Civil Practice and Remedies Code, as well as all other statutory damage caps provided by law.

### TWELFTH AFFIRMATIVE DEFENSE
### Punitive and Exemplary Damages

Defendant invokes and asserts all applicable limitations upon punitive damages, exemplary damages, and additional damages, including, but not limited to, those contained in the applicable statues under which it is being sued, Texas Civil Practice and Remedies Code Chapter 41, and the United States and Texas Constitutions.  Also, to the extent that additional damages or punitive damages or penalty interest are awarded, more than one of them cannot be awarded for the same conduct and/or based on the same damages as such multiple awards would be multiple punishments for the same actions.

5

## V.    **PRAYER**

In conclusion, Defendant United States Fire Insurance Company requests that Plaintiff takes nothing and that it be granted any and all other relief to which it may show itself justly entitled.

Respectfully Submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

*/s/ Christopher H. Avery*
Brian S. Martin
State Bar No. 13055350
bmartin@thompsoncoe.com
Christopher H. Avery
Texas State Bar No. 24069321
cavery@thompsoncoe.com
One Riverway, Suite 1400
Houston, Texas  77056
(713) 403-8203 │ (713) 403-8299 – *Fax*

**COUNSEL FOR DEFENDANT UNITED STATES FIRE INSURANCE COMPANY**

6

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the <u>22nd</u> day of October, 2019, a true and correct copy of the foregoing instrument has been forwarded to all counsel of record.


*/s/ Christopher H. Avery*
Christopher H. Avery